David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
BIRKA-WHITE LAW OFFICES
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

[Additional Counsel Listed on Signature Page]

Attorneys for Plaintiff
MORTAR AND PESTLE CORP.
d/b/a OLEA RESTAURANT

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTAR AND PESTLE CORP. d/b/a OLEA RESTAURANT,<br><br>Plaintiff,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY a/k/a ATAIN INSURANCE COMPANY,<br><br>Defendant. | Case No.: 3: 20-cv-3461<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Mortar and Pestle Corp. d/b/a Olea Restaurant ("Plaintiff" or "Olea Restaurant") brings this Complaint, alleging relief against Defendant Atain Specialty Insurance Company a/k/a Atain Insurance Company ("Defendant" or "Atain") and avers as follows:

## NATURE OF THE CASE

1.  This is a civil action seeking declaratory relief arising from Plaintiff's contract of insurance with Defendant.

/ / /

/ / /

2. In light of the Coronavirus global pandemic and state and local orders mandating that all non-essential in store businesses must shut down on March 16, 2020, Plaintiff's restaurant has suffered business loss.

3. Plaintiff's insurance policies provide coverage for all non-excluded business losses, and thus provide coverage here.

4. As a result, Plaintiff is entitled to declaratory relief that its business is covered for all business losses that have been incurred in an amount greater than $150,000.00.

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendant. Further, Plaintiff has suffered business losses in an amount greater than $150,000.00. The amount in controversy necessary for diversity jurisdiction over a declaratory judgment action is measured by the value of those business losses. *Id.* § 1332(a).

6. This Court has personal jurisdiction over Defendant. Defendant has engaged in substantial business in this District, including the formation of the Policy underlying Plaintiff's claims, and Defendant has therefore personally availed itself of jurisdiction in this District.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, including the formation of the Policy underlying Plaintiff's claims.

## PARTIES

8. Plaintiff owns and operates a restaurant in the State of California. Plaintiff's principal place of business is 1494 California Street, San Francisco, California 94109. Plaintiff is a citizen of California.

9. Defendant Atain is an insurance carrier that provides business interruption insurance to Plaintiff. Defendant is headquartered at 220 Kaufman Financial Center, 30833 Northwestern Highway, Farmington Hills, Michigan 48334. Defendant is a citizen of Michigan.

10. At all relevant times, Defendant issued a policy to Plaintiff to cover business interruption loss from June 30, 2019 until June 30, 2020. The policy number is CIP385317. This

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 2 -    Case No.: 3:20-cv-3461

COMPLAINT

policy was intended to cover losses to business interruption. *See* Declaration, attached hereto as Exhibit 1 ("Policy").

11.  The Policy is currently in full effect in providing, among other things, personal property, business income and extra expense, contamination coverage and additional coverage.

12.  Plaintiff submitted a claim for a date of loss pursuant to its policy seeking coverage under this policy. Defendant rejected Plaintiff's claim for coverage for business loss and business interruption and other claims, contending, *inter alia,* that Plaintiff did not suffer physical damage to its property directly and stating other reasons why Plaintiff purportedly is not entitled to coverage for the losses and damages. Defendant also claimed the policy does not cover losses due to the Virus Exclusion Clause.

## FACTUAL BACKGROUND

### I.   Insurance Coverage

13.  Plaintiff faithfully paid policy premiums to Defendant, specifically to provide, among other things, additional coverages in the event of business interruption or closures by order of Civil Authority and for business loss for property damage.

14.  Under the Policy, insurance is extended to apply to the actual loss of business income sustained and the actual, necessary and reasonable extra expenses incurred when access to the Insured Property is specifically prohibited by order of civil authority as the direct result of a covered cause of loss to property in the immediate area of Plaintiff's Insured Property. This additional coverage is identified as coverage under "Civil Authority."

15.  The Policy is an all-risk policy, insofar as it provides that covered causes of loss under the policy means coverage for all covered losses, including but not limited to direct physical loss or direct physical damage, unless the loss is specifically excluded or limited in the Policy.

16.  The Policy also covers for damages resulting from business interruption when there is property damage. The exclusion for viruses does not apply to this pandemic. The Policy does identify any exclusions for a pandemic.

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 3 -

Case No.: 3:20-cv-3461

COMPLAINT

17. Based on information and belief, Defendant has accepted the policy premiums with no intention of providing any coverage for business losses or the Civil Authority extension due to a loss and shutdown and property damage.

## II. The Coronavirus Pandemic

18. The scientific community, and those personally affected by the virus, recognize the Coronavirus as a cause of real physical loss and damage. It is clear that contamination of the Insured Property would be a direct physical loss requiring remediation to clean the surfaces of the dental practice.

19. The virus that causes COVID-19 remains stable and transmittable in aerosols for up to three hours, up to four hours on copper, up to 24 hours on cardboard and up to two to three days on plastic and stainless steel. *See* https://www.nih.gov/news-events/news-releases/new-coronavirus-stable-hours-surfaces (last visited April 9, 2020).

20. The CDC has issued a guidance that gatherings of more than 10 people must not occur. People in congregate environments, which are places where people live, eat, and sleep in close proximity, face increased danger of contracting COVID-19.

21. The global Coronavirus pandemic is exacerbated by the fact that the deadly virus physically infects and stays on surfaces of objects or materials, "fomites," for up to twenty-eight (28) days.

22. China, Italy, France, and Spain have implemented the cleaning and fumigating of public areas prior to allowing them to re-open publicly due to the intrusion of microbials.

## III. Civil Authority

23. On March 4, 2020, the State of California declared a State of Emergency for the entire state of California as a result of COVID-19.

24. On March 11, 2020, the State of California set restrictions on large gatherings.

25. On March 16, 2020, the State of California prohibited all gatherings regardless of size. This order effectively shut down all non-essential businesses.

///

///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 4 -

Case No.: 3:20-cv-3461

COMPLAINT

26. On March 17, 2020, the State of California issued a stay at home order that all non-essential workers must stay at home as a result of COVID-19. This order has been extended indefinitely.

27. Plaintiff's restaurant is unable to operate due to the stay-at-home orders for public safety issued by the State of California. Plaintiff has submitted a claim to its insurance carrier related to such losses.

28. Further, on April 10, 2020, President Trump seemed to support insurance coverage for business loss like that suffered by the Plaintiff.

> REPORTER: Mr. President may I ask you about credit and debt as well. Many American individuals, families, have had to tap their credit cards during this period of time. And businesses have had to draw down their credit lines. Are you concerned Mr. President that that may hobble the U.S. economy, all of that debt number one? And number two, would you suggest to credit card companies to reduce their fees during this time?
>
> PRESIDENT TRUMP: Well it's something that we've already suggested, we're talking to them. **Business interruption insurance**, I'd like to see these insurance companies—you know you have people that have paid. When I was in private I had business interruption. When my business was interrupted through a hurricane or whatever it may be, I'd have business where I had it, I didn't always have it, sometimes I had it, sometimes, I had a lot of different companies. *But if I had it I'd expect to be paid.* You have people. I speak mostly to the restaurateurs, where they have a restaurant, they've been paying for 25, 30, 35 years, business interruption. They've never needed it. All of a sudden they need it. And I'm very good at reading language. I did very well in these subjects, OK. And I don't see the word pandemic mentioned. Now in some cases it is, it's an exclusion. But in a lot of cases I don't see it. I don't see it referenced. And they don't want to pay up. I would like to see the insurance companies pay if they need to pay, if it's fair. And they know what's fair, and I know what's fair, I can tell you very quickly. But business interruption insurance, that's getting a lot money to a lot of people. And they've been paying for years, sometimes they just started paying, but you have people that have never asked for business interruption insurance, and they've been paying a lot of money for a lot of years for the privilege of having it, and then when they finally need it, the insurance company says 'we're not going to give it.' We can't let that happen.

*See* https://youtu.be/cMeG5C9TjU (last visited on April 17, 2020) (emphasis added).

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 5 -    Case No.: 3:20-cv-3461

COMPLAINT

29. The President is articulating a few core points:

   a. Business interruption is a common type of insurance.

   b. Businesses pay in premiums for this coverage and should reasonably expect they'll receive the benefit of the coverage.

   c. This pandemic should be covered unless there is a specific exclusion for pandemics.

   d. If insurers deny coverage, they would be acting in bad faith.

30. These Orders and proclamations, as they relate to the closure of all "non-life-sustaining businesses," evidence an awareness on the part of both state and local governments that COVID-19 causes damage to property. This is particularly true in places where business is conducted, such as Plaintiff's, as the requisite contact and interaction causes a heightened risk of the property becoming contaminated.

### IV. Impact on Plaintiff

31. As a result of the Orders referenced herein, Plaintiff shut its doors to its restaurant.

32. Plaintiff's business loss occurred when the State of California issues its order on March 16, 2020 banning any gatherings at an establishment.

33. Prior to March 16, 2020, Plaintiff was open. Plaintiff's restaurant is not a closed environment, and because people – staff, customers, community members, and others – constantly cycle in and out of the restaurant, there is an ever-present risk that the Insured Property is contaminated and would continue to be contaminated.

34. Businesses like the Plaintiff's restaurant are more susceptible to being or becoming contaminated, as both respiratory droplets and fomites are more likely to be retained on the Insured Property and remain viable for far longer as compared to a facility with open-air ventilation.

35. Plaintiff's business is also highly susceptible to rapid person-to-property transmission of the virus, and vice-versa, because the service nature of the business places staff and customers in close proximity to the property and to one another and because the nature of the restaurant and activity exposes to high level of respiratory droplets and fomites being released into the air of the property.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 6 -

Case No.: 3:20-cv-3461

COMPLAINT

36. The virus is physically impacting Plaintiff. Any effort by Defendant to deny the reality that the virus causes physical loss and damage would constitute a false and potentially fraudulent misrepresentation that could endanger Plaintiff and the public.

37. A declaratory judgment determining that the coverage provided under the Policy exists and is necessary so as to prevent Plaintiff from being left without vital coverage acquired to ensure the survival of the trucking school due to the shutdown caused by the civil authorities' response. As a result of these Orders, Plaintiff has incurred, and continues to incur, among other things, a substantial loss of business income and additional expenses covered under the Policy.

## CAUSE OF ACTION

## DECLARATORY RELIEF

38. Plaintiff re-alleges and incorporates by reference into this cause of action each and every allegation set forth in each and every paragraph of this Complaint.

39. The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

40. An actual controversy has arisen between Plaintiff and Defendant as to the rights, duties, responsibilities and obligations of the parties under the Policy in that Plaintiff contends and, on information and belief, the Defendant disputes and denies that:

   a. The Orders constitute a prohibition of access to Plaintiff's Insured Property;

   b. The prohibition of access by the Orders has specifically prohibited access as defined in the Policy;

   c. The Policy's Exclusion of Loss Due to Virus or Bacteria does not apply to the business losses incurred by Plaintiff here. These exclusions do not apply to the pandemic;

   d. The Orders trigger coverage;

   e. The Policy provides coverage to Plaintiff for any current and future civil authority closures of business in California due to physical loss\or damage

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 7 -

Case No.: 3:20-cv-3461

COMPLAINT

    directly or indirectly from the Coronavirus under the Civil Authority coverage parameters. The policy does not exclude the pandemic;

  f. The Policy provides business income coverage in the event that Coronavirus has directly or indirectly caused a loss or damage at the insured premises or immediate area of the Insured Property; and

  g. Resolution of the duties, responsibilities and obligation of the parties is necessary as no adequate remedy at law exists and a declaration of the Court is needed to resolve the dispute and controversy.

41. Plaintiff seeks a Declaratory Judgement to determine whether the Orders constitute a prohibition of access to Plaintiff's Insured Property as Civil Authority as defined in the Policy.

42. Plaintiff further seeks a Declaratory Judgement to affirm that the Order triggers coverage.

43. Plaintiff further seeks a Declaratory Judgment to affirm that the Policy provides coverage to Plaintiff for any current and future Civil Authority closures of businesses in the State of California due to physical loss or damage from the Coronavirus and the policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the Insured Property.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff herein prays as follows:

  a. For a declaration that the Orders constitute a prohibition of access to Plaintiff's Insured Property.

  b. For a declaration that the prohibition of access by the Orders is specifically prohibited access as defined in the Policy.

  c. For a declaration that the Orders trigger coverage under the Policy.

  d. For a declaration that the Policy provides coverage to Plaintiff for any current, future and continued civil authority closures of businesses in California due to physical loss or damage directly or indirectly from the Coronavirus under the Civil Authority coverage parameters.

  e. For a declaration that the Policy provides business income coverage in the event that Coronavirus has directly or indirectly caused a loss or damage at the Plaintiff's Insured Property or the immediate area of the Plaintiff's Insured Property.

  f. For such other relief as the Court may deem proper.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 8 -                                               Case No.: 3:20-cv-3461

COMPLAINT

**TRIAL BY JURY IS DEMANDED**

Plaintiff hereby demands trial by jury.

DATED: May 21, 2020                      Respectfully submitted,

                                          BIRKA-WHITE LAW OFFICES

                                        By: */s/ David M. Birka-White*
                                             DAVID M. BIRKA-WHITE

David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
**BIRKA-WHITE LAW OFFICES**
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile: (925) 362-9970

Arnold Levin, Esq. (Pa. Bar No. 02280)
Laurence Berman, Esq. (Pa. Bar No. 26965)
Frederick Longer, Esq. (Pa. Bar No. 46653)
Daniel Levin, Esq. (Pa. Bar No. 80013)
**LEVIN SEDRAN & BERMAN LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106-3697
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
alevin@lfsblaw.com
flonger@lfsblaw.com
dlevin@lfsblaw.com

Richard M. Golomb, Esq. (PA Bar No: 42845)
Kenneth J. Grunfeld, Esq. (PA Bar No: 84121)
**GOLOMB & HONIK, P.C.**
1835 Market Street, Suite 2900
Philadelphia, PA 19103
Telephone: (215) 985-9177
Facsimile: (215) 985-4169
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com

Aaron Rihn, Esq. (PA Bar No: 85752)
**ROBERT PEIRCE & ASSOCIATES**
707 Grant Street, Suite 125
Pittsburgh, PA 15219

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 9 -

COMPLAINT

Case No.: 3:20-cv-3461

Telephone: (412) 281-7229
Facsimile: (412) 281-4229

W. Daniel "Dee" Miles, III (Ala. Bar ID:7656M75W)
Rachel N. Boyd (Ala. Bar ID: 6320342)
Paul W. Evans (AL Bar ID: 9270Z18F)
**BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.**
P.O. Box 4160
Montgomery, AL 36103
Telephone: (334) 269-2343
Facsimile: (334) 954-7555

*Counsel for Plaintiff*

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 10 -

Case No.: 3:20-cv-3461

COMPLAINT