GailAnn Y. Stargardter (Bar No. 250749)
gstargardter@mvjllp.com
MOKRI VANIS & JONES, LLP
4100 Newport Place, Suite 840
Newport Beach, California 92660
Telephone:    949.226.7040
Facsimile:    949.226.7150

Attorneys for Defendant
ATAIN SPECIALTY INSURANCE
COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORTAR AND PESTLE CORP. d/b/a OLEA RESTAURANT,<br><br>              Plaintiff,<br><br>v.<br><br>ATAIN SPECIALTY INSURANCE COMPANY a/k/a ATAIN INSURANCE COMPANY,<br><br>              Defendant. | Case No. 3:20-cv-03461-MMC<br><br>**ATAIN SPECIALTY INSURANCE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[*filed concurrently with Request for Judicial Notice and Exhibits thereto; and [Proposed] Order*]<br><br>Date:    **September 11, 2020**<br>Time:   **9:00 a.m.**<br>Crtrm:  **7, 19th Floor** |

## NOTICE OF MOTION AND MOTION

TO ALL COUNSEL AND TO THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on **September 11, 2020**, at **9:00 a.m.**, or as soon thereafter as may be heard, in Courtroom 7, located at 450 Golden Gate Avenue, 19th Floor, San Francisco, California 94102, defendant ATAIN SPECIALTY INSURANCE COMPANY, ("Atain") will and hereby does move this Court for an order dismissing the complaint filed by MORTAR AND PESTLE CORP. d/b/a OLEA RESTAURANT ("Plaintiff" or "Olea") in its entirety as to Atain on the ground that Plaintiff has failed to assert claims upon which relief may be granted.

This motion will be and is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure, which permit this Court to dismiss the complaint where it lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory or where the allegations in the complaint are contradicted by documents referred to in the complaint.

The Complaint seeks a judicial determination that the Stay At Home Orders issued by Governor Newsom constitutes "prohibited access" as that term is defined by the Atain policy such that the Order triggers coverage under the policy and a declaration that the Atain policy provides business income coverage as a result of the closure of Plaintiff's business due to the COVID-19 pandemic.

Atain asks this Court to dismiss Plaintiff's Complaint in its entirety, with prejudice and without leave to amend, as the allegations in the Complaint compared to the Atain Policy language demonstrate that Plaintiff cannot meet its burden of establishing it is entitled to the relief requested. Plaintiff's property has not sustained "direct physical loss or damage" as that term is defined by California law. Access to Plaintiff's premises was not prohibited because of "direct physical loss or damage" to property other than the described premises. Additionally, because the shut down of Plaintiff's business was the result of COVID-19, a virus, the Virus Exclusion in the Atain Policy precludes coverage for Plaintiff's claim, as a matter of law. For each of these reasons, Plaintiff's loss does not fall within the scope of coverage afforded by the Atain policy and the Complaint fails to assert any causes of action or claims for relief which can be granted.

This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such other matters as may be presented to the Court at oral argument if requested by the court.

Dated: August 4, 2020                MOKRI VANIS & JONES, LLP

/s/ *GailAnn Y. Stargardter*
GailAnn Y. Stargardter
Attorneys for Defendant ATAIN SPECIALTY INSURANCE COMPANY

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................ 1

II.   STATEMENT OF FACTS ................................................................................................ 3

    A.   The Complaint ................................................................................................. 3

    B.   Request For Judicial Notice ............................................................................ 4

    C.   The Atain Policy .............................................................................................. 5

III.  APPLICABLE STANDARDS GOVERNING RULE 12(B)(6) MOTIONS ........................... 8

IV.   APPLICABLE STANDARDS FOR CONSTRUING INSURANCE POLICIES ................ 10

V.    LEGAL ARGUMENT ................................................................................................... 11

    A.   The Complaint Fails To Assert The Insured Property Suffered "Direct Physical Loss" ... 11

    B.   The Virus Exclusion Precludes Coverage For Plaintiff's Loss, As A Matter Of Law ....... 12

VI.   CONCLUSION ............................................................................................................. 15

**TABLE OF AUTHORITIES**

**Cases**

*AIU Ins. Co. v. Superior Court*,
  51 Cal.3d 807 (1990) .................................................................................................. 2, 10, 11

*Alterra Excess & Surplus Ins. Co. v. Snyder*,
  234 Cal.App.4th 1390 (2015) ................................................................................................ 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................................... 9

*Aydin Corp. v. First State Ins. Co.*,
  18 Cal.4th 1183 (1998) ......................................................................................................... 10

*Balisteri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1990) .................................................................................................. 9

*Bank of the West v. Superior Court*,
  2 Cal.4th 1254 (1992) ........................................................................................................... 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955 (2007) ..................................................................................... 9

*Cahill v. Liberty Mutual Insurance Co.*,
  80 F.3d 336 (9th Cir. 1996) .................................................................................................... 8

*Chadwick v. Fire Ins. Exch.*,
  17 Cal.App.4th 1112, 1117 (1993) .................................................................................. 2, 14

*Daniels-Hall v. National Education Assn.*,
  629 F.3d 992 (9th Cir. 2010) .................................................................................................. 9

*Foster-Gardner, Inc. v. National Union Fire Ins. Co.*,
  18 Cal.4th 857 (1998) ........................................................................................................... 10

*Garvey v. State Farm Fire & Cas. Co.*,
  48 Cal.3d 395 (1989) ............................................................................................................ 10

*Haynes v. Farmers Ins. Exchange*,
  32 Cal.4th 1198 (2004) ......................................................................................................... 13

*Jon Davler, Inc. v. Arch Ins. Co.*,
  229 Cal.App.4th 1025 (2014) ......................................................................................... 13, 14

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .................................................................................................. 9

*Lockheed Corp. v. Continental Ins. Co.*,
  134 Cal.App.4th 187 (2005) ................................................................................................. 10

*Loughney v. Allstate Insurance Co.*,
  465 F.Supp.2d 1039 (S.D. Cal. 2006) .................................................................................... 8

*MacKinnon v. Truck Ins. Exchange*,
  31 Cal.4th 635 (2003) ........................................................................................................... 13

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) .................................................................................................. 9

*MRI Healthcare Center of Glendale, Inc. v. State Farm Gen. Ins. Co.*,
  187 Cal.App.4th 766 (2010) ...................................................................................... 1, 10, 11

*Phillips v. Noetic Specialty Insurance Co.*,
  919 F.Supp.2d 1089 (S.D. Cal. 2013) .................................................................................... 9

*Robertson v. Dean Witter Reynolds, Inc.*,
  749 F.2d 530 (9th Cir. 1984) .................................................................................... 1

*Sprewell v. Golden State Warriors*,
  266 F.3d 979 (9th Cir. 2001) .................................................................................. 1, 9

*St. Paul Mercury Ins. Co. v. Frontier Pacific Ins. Co.*,
  111 Cal.App.4th 1234 (2003) ................................................................................... 10

*Steckman v. Hart Brewing Inc.*,
  143 F.3d 1293 (9th Cir. 1998) ................................................................................ 1, 9

*Waller v. Truck Ins. Exchange, Inc.*,
  11 Cal.4th 1 (1995) .................................................................................................. 10

*Ward General Ins. Services v. Employers Fire Ins. Co.*,
  114 Cal.App.4th 548 (2003) ......................................................................... 10, 11, 12

*Young's Market Co. v. American Home Assur. Co.*,
  4 Cal.3d 309 (1971) ................................................................................................... 2

**Other Authorities**

10A Couch on Insurance, §148.46, (3d. ed. 2005) ............................................................. 11

**Rules**

Federal Rules of Civil Procedure, rule 12(b)(6) ........................................................... 1, 8, 9

Federal Rules of Civil Procedure, rule 201 ........................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## A. INTRODUCTION AND SUMMARY OF ARGUMENT

This is an insurance coverage case. Plaintiff, Mortar and Pestle dba Olea Restaurant ("Olea" or "Plaintiff") seeks a judicial determination that the commercial property policy issued by Atain Specialty Insurance Company ("Atain") provides coverage for Coronavirus ("COVID-19") related business income losses and extra expenses it sustained due to governmental orders closing its restaurant.

Dismissal is warranted under Rule 12(b)(6) where, as here, the Complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir. 1984). Dismissal is also warranted where the allegations in the Complaint are contradicted by the facts alleged in the Complaint, the documents referenced in the Complaint or in matters subject to judicial notice. *Steckman v. Hart Brewing Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998); *see, also, Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Both reasons to dismiss Plaintiff's Complaint are present here.

To obtain benefits under the Business Income and Extra Expense portion of the Atain policy, Plaintiff must prove either: (1) the property at the premises insured by the Atain suffered "direct physical loss or damage" or (2) access to the premises described on the Atain policy was prohibited, by the State of California, because of "direct physical loss of or damage to" property other than at the described premises. Under California law, "direct physical loss or damage" requires an actual, distinct, demonstrable, physical alteration of the property." *MRI Healthcare Center of Glendale, Inc. v. State Farm Gen. Ins. Co*., 187 Cal.App.4th 766, 779 (2010).

The Complaint and documents referenced therein, fail to allege that the property at the described premises—the restaurant operated by Plaintiff and insured by Atain—sustained any actual, distinct, demonstrable, physical alteration due to COVID-19.  The Complaint fails to allege any physical change in the condition of the property.  And, in fact, the Center for Disease Control confirms that when COVID-19 comes into contact with frequently touched surfaces such as tables, countertops, faucets and sinks, they can be disinfected with most common EPA-registered household detergents. (Request For Judicial Notice ("RFJN") **Exh. A**, p. 6 (4).) According to the

Center For Disease Control, disinfecting kills germs on surfaces. (RFJN, **Exh. A**, p. 21 (19).)

The Complaint and documents referenced therein also fail to allege that the State of California prohibited access to Plaintiff's restaurant because of direct physical loss of or damage to premises other than the restaurant. And, in fact, the reason the Stay At Home Orders were issued by the State of California is not because COVID-19 causes "direct physical loss of or damage to property," but because the virus is spread by person to person contact. (RFJN, **Exh. D**.) Plaintiff has thus failed to meet its burden of proving the loss falls within the scope of the policy's insuring agreements.

Even assuming the Court finds that the presence of the COVID-19 constitutes "direct physical loss of or damage to" property at the restaurant or to property elsewhere, the Atain policy excludes coverage for loss or damage caused directly or indirectly, proximately or remotely, or in any way related to viruses, whether alive or not, including the cost to abate, remediate, detoxify or remove the presence of the virus ("Virus Exclusion"). Plaintiff alleges its business income loss is the direct result of COVID-19. As Plaintiff acknowledges throughout its Complaint, COVID-19 is a virus. Accordingly, any loss sustained by Plaintiff as a result of COVID-19 is excluded from coverage by the Virus Exclusion.

Plaintiff's contention that only a "Pandemic Exclusion" would relieve Atain of its obligation to pay for its business income losses is unavailing. When a policy of insurance in plain language excludes a particular peril from coverage that language must be respected. *Young's Market Co. v. American Home Assur. Co.*, 4 Cal.3d 309, 316 (1971). An insured may not avoid an exclusion by affixing an additional label or separate characterization to the event causing the loss. *Chadwick v. Fire Ins. Exch.*, 17 Cal.App.4th 1112, 1117 (1993). The cause of this pandemic is a virus. The Atain policy clearly and unambiguously excludes coverage for any loss resulting from a virus.

Nor is public policy a valid reason to redefine the terms of an insurance policy. *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807, 818 (1990). Rather, the answer to questions of coverage under an insurance policy are found solely in the language of the policy, not public policy considerations. *Ibid*.

There is simply no coverage for Plaintiff's business losses caused by the COVID-19

pandemic under the Atain policy. The Complaint fails to allege that COVID-19 caused any actual, demonstrable, physical alternation to the property insured by Atain. The Stay At Home Orders were not issued because of "direct physical loss of or damage to" property. Even assuming COVID-19 caused "direct physical loss of or damage to" the property at the premises insured by Atain or elsewhere, the Virus Exclusion removes all coverage for that loss, including Plaintiff's business income loss, as a matter of law. As Plaintiff cannot amend its Complaint to assert any facts or legal theories that would bring its loss within coverage, this Court should grant Atain's motion to dismiss Plaintiff's Complaint, in its entirety, with prejudice and without leave to amend.

**B.     STATEMENT OF FACTS**

**The Complaint**

In its Complaint, Plaintiff alleges that it owns and operates a restaurant located in San Francisco ("Insured Property"). (Dkt. 1., Complaint, ¶ 8.) Atain issued Policy No. CIP384317 to Plaintiff for the policy period June 30, 2019 through June 30, 2020. (Dkt. 1., Complaint, ¶ 10.) Policy No. CIP384317 is attached to the Complaint as Exhibit 1. (Dkt. 1-1.)

Under the heading "Factual Background," Plaintiff asserts a series of legal conclusions including: "it is clear that contamination of the Insured Property [with COVID-19] would be direct physical loss requiring remediation to clean the surfaces of the [Insured Property]." (Dkt. 1., Complaint, ¶¶ 18-19) and "[t]he exclusion for viruses does not apply to this pandemic" and "[t]he policy does not identify any exclusions for a pandemic. (Dkt. 1., Complaint, ¶ 16.)

The Complaint notes the various dates, beginning on March 4, 2020, and continuing through May 17, 2020, that the State of California issued Stay At Home Orders and other restrictions shutting down all non-essential businesses such as its restaurant. (Dkt. 1., Complaint ¶¶ 23-27.) Plaintiff sustained business loss when the State of California issued its order on March 19, 2020, banning gatherings at establishments. (Dkt. 1., Complaint, ¶ 32.) The Complaint alleges "the virus is physically impacting Plaintiff, and that any effort by Atain to deny the reality that the virus causes physical loss and damage would constitute a false and potentially misrepresentation that could endanger Plaintiff and the public. (Dkt. 1., Complaint, ¶ 36.)

Plaintiff contends that a declaratory judgment determining that coverage for its losses exists

under the Atain policy is necessary "so as to prevent Plaintiff from being left without vital coverage acquired to ensure the survival of the[business] due to the shutdown caused by the civil authorities' response" to COVID-19. (Dkt. 1., Complaint, ¶ 37.) Plaintiff seeks a judicial declaration that:

- The civil orders issued by the State of California constitute a prohibition of access to the Insured Property;
- The prohibition of access by the Orders is specifically prohibited access as defined by the policy;
- The civil orders trigger coverage under the Atain policy;
- The policy provides coverage for any current, future, and continued civil authority closures of businesses in California due to physical loss or damage directly or indirectly from COVID-19;
- The policy provides business income coverage in the event that COVID-19 has directly or indirectly caused loss or damage at the Insured Property or the immediate area of the Insured Property.

(Dkt. 1., Complaint, Prayer for Relief, p. 8.)

Conspicuously absent from the Complaint is any allegation that the Insured Property or property located elsewhere sustained any actual, distinct, demonstrable physical alteration. Nor does the Complaint assert that Plaintiff has had to repair or replace any Insured Property.

### Request For Judicial Notice

Under Federal Rule of Civil Procedure 201, the Court may take judicial notice of adjudictative facts that are not subject to reasonable dispute because the facts are either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Federal Rule of Civil Procedure 201(b)(1) and (2). Atain requests this Court take judicial notice of the following facts about COVID-19 from the Centers for Disease Control and Prevention ("CDC"):

- A virus causes COVID-19. (RFJN, **Exh. A**, p. 3 (1).)
- The virus that causes COVID-19 is thought to spread mainly from person to person, mainly through respiratory droplets produced when an infected person coughs, sneezes, or talks. These droplets can land in the mouths or noses of people who are nearby or possibly be inhaled into the lungs. Spread is more likely when people are in close contact with one another (within about 6 feet). (RFJN, **Exh. A**, p. 4 (2).)
- If a surface may have gotten the virus on it from a person with or suspected to have COVID-19, the surface should be cleaned and disinfected. Disinfecting kills germs on surfaces. Regular staff can clean and disinfect community spaces. (RFJN, **Exh.**

**A**, p. 21 (19).)

- Companies do not necessarily need to close after a person with confirmed or suspected COVID-19 has been in a company facility. The area(s) used or visited by the ill person should be closed for 24 hours or as long as possible. Open outside doors and windows as much as possible ensuring that doing so does not pose a safety risk to children using the facility (i.e., make sure that children are not able to enter the closed off area through any windows or doors) and use ventilating fans to increase air circulation in the area. Once the area has been appropriately disinfected, it can be opened for use. Workers without close contact with the person with confirmed or suspected COVID-19 can return to work immediately after disinfection is completed. (RFJN, **Exh. A**, p. 22 (20).)

- Appropriate disinfectants are common household disinfectants such as Scrubbing Bubbles Multi-Purpose Disinfectant; Clorox Bleach; Fantastik All Purpose Cleaner; Soft Scrub with Bleach; Arm & Hammer Essentials Disinfecting Wipes. (RFJN, **Exh. A**, p. 6 (4); **Exh. B**, p. 32 (1); **Exh. C**.)

Atain also asks this Court to take judicial notice of the Stay At Home Order issued by the State of California on March 19, 2020 (RFJN, **Exh. D**.)

**The Atain Policy**

Atain issued Policy No. CIP384317 to Plaintiff for the policy period June 30, 2019 through June 30, 2020 (Dkt. 1-1, Exhibit 1 to Complaint, p. 3.) The policy included Commercial Property Coverage under BUILDING AND PERSONAL PROPERTY COVERAGE FORM CP 00 10 (04/02). (Dkt. 1-1, pp. 27-40.) The policy provided coverage for Business Personal Property, with a limit of insurance of $80,500 and coverage for Business Income with Extra Expense with a limit of insurance of $100,000. (Dkt. 1-1, p. 26.)  The premises referenced in the policy is located at 1494 California Street, San Francisco. (Dkt. 1-1, p. 14.)

The BUILDING AND PERSONAL PROPERTY COVERAGE FORM contains the following provisions:

> **A.**   **Coverage**
>
> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.
>
> **1.**   **Covered Property**
>
> Covered Property, as used in this Coverage Part means the type of property described in this Section, A.1., and limited in A.2., Property Not Covered, if a Limit of Insurance is shown in the Declarations for that type of property.

\* \* \*

  **b.**  **Your Business Personal Property** located in or on the building described in the Declarations or in the open (or in a vehicle) within 100 feet of the described premises….

(Dkt.1-1, p. 27.)

  The definition of "Covered Cause of Loss" is found in CAUSES OF LOSS-SPECIAL FORM CP 10 30 (04/02). This form states:

  **A.**  **Covered Causes of Loss:**

    When Special is shown in the Declarations, Covered Causes of Loss means Risks of Direct Physical Loss unless the loss is:

    1.  Excluded in Section **B**., Exclusions; or

    2.  Limited in Section **C**., Limitations.

(Dkt.1-1, p. 51.)

  The policy includes BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM CP 00 30 (04/02). This form includes the following provisions:

  **A.**  **Coverage**

    **1.**  **Business Income**

      Business Income means the:

      a.  Net Income (Net Profit or Loss before income taxes) that would have been earned or incurred; and

      b.  Continuing normal operating expenses incurred, including payroll.

\* \* \*

  We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss….

\* \* \*

**2.   Extra Expense**

    a.   Extra Expense coverage is provided at the premises described in the Declarations only if the Declarations show that Business Income coverage applies at that premises.

    b.   Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.

* * *

**5.   Additional Coverages**

    **a.   Civil Authority**

We will pay for the actual loss of Business Income you sustained and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property other than at the described premises, caused by or resulting from any Covered Cause of Loss.

(Dkt. 1-1, pp. 41-42.)

The policy contains Endorsement B&W55 (03/2005)—EXCLUSION FUNGI, SPORES, BACTERIA OR VIRUSES. This Endorsement states:

**EXCLUSION—FUNGI, SPORES, BACTERIA OR VIRUSES**

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY**

* * *

This endorsement modifies insurance provided under the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**CAUSES OF LOSS-SPECIAL FORM**
**CAUSES OF LOSS—BROAD FORM**
**CAUSES OF LOSS—BASIC FORM**

**1.**   The following is added to Section B. Exclusions And Limitations of the **BUILDING AND PERSONAL PROPERTY COVERAGE FORM** and replaces sub-paragraph 1.h. "Fungus", Wet Rot, Dry Rot and Bacteria in Section B. Exclusions of the **CAUSES OF LOSS—SPECIAL FORM, CAUSES OF LOSS—BROAD FORM**

       and **CAUSES OF LOSS—BASIC FORM**.

       "**Fungus", Spore(s), Bacteria and Virus(es):**

       This insurance does not apply to any claim, suit, loss or damage(s)   resulting from, caused by, directly or indirectly, proximately or remotely by, occasioned by, contributed or attributed to, or in any way related in whole or in part to any:

       **a.** "Fungus(i); "spores(s)", bacteria or virus(es), whether alive or not;

       **b.** Substance, toxin, allergen, irritant, vapor or gas, produced by or arising out of any "fungus(i); "spores(s)", bacteria or virus(es), whether alive or not;

       **c.** Material, product, building component, building or structure that contains, harbors, nurtures or acts as a medium for any "fungus(i); "spores(s)", bacteria or virus(es), whether alive or not;

       **d.** Cost or expenses associated with in any way, the abatement, mitigation, remediation, containment, detoxification, neutralizations, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any "fungus(i); "spores(s)", bacteria or virus(es), or any substance, toxin, allergen, irritant, vapor or gas produced by or arising out of any "fungus(i); "spores(s)", bacteria or virus(es), whether alive or not;

       \* \* \*

       regardless whether or not any other cause, event, material, product or building component has contributed concurrently or in any sequence to the loss or damage.

       \* \* \*

    2. For the purposes of this endorsement, Paragraphs **1., 2., 3., 4., 5.** and **6.** of **Section E. Additional Coverages—Limited Coverage For "Fungus", Wet Rot, Dry Rot and Bacteria in the CAUSES OF LOSS—SPECIAL FORM …** are deleted.

(Dkt. 1-1, pp. 25-26.)

**C.** **APPLICABLE STANDARDS GOVERNING RULE 12(B)(6) MOTIONS**

  Courts have adjudicated insurance coverage issues on pleading motions. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336 (9th Cir. 1996) (Rule 12(b)(6) motion); *Loughney v. Allstate Insurance Co.*, 465 F.Supp.2d 1039 (S.D. Cal. 2006) (motion for judgment on the pleadings).

1  Dismissal is warranted under Federal Rule of Civil Procedure 12(b)(6) where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balisteri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). "When there are well-pleaded factual allegations, a court must assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. But the court is not required to accept as true legal conclusions couched as factual allegations. *Id*. at 678.

Dismissal is also warranted where the allegations in the complaint are contradicted by the facts as alleged in the complaint, the documents referenced in the complaint or in matters subject to judicial notice. *Steckman, supra,* 143 F.3d at 1295; *Sprewell v. Golden State Warriors, supra*, 266 F.3d at 988.

To decide a Rule 12(b)(6) motion, this Court is not limited to the four corners of the complaint; it may consider documents attached to the complaint or properly the subject of judicial notice, such as matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-689 (9th Cir. 2001). *See, also, Marder v. Lopez*, 450 F.3d 445, 458 (9th Cir. 2006) (acknowledging that court could consider the release signed by Plaintiff, referenced in her complaint as the release was central to her claims and its authenticity was not in question). The Court may thus consider the Atain Policy referenced in and attached to the Complaint where, as here, the authenticity of that policy is not in question. *Daniels-Hall v. National Education Assn.*, 629 F.3d 992, 998 (9th Cir. 2010); *Phillips v. Noetic Specialty Insurance Co.*, 919 F.Supp.2d 1089, 1093 (S.D. Cal. 2013). The Court may also consider the Stay At Home Order issued by the State of California and other documents issued by governmental agencies describing COVID-19 as these documents are referenced in Plaintiff's Complaint. The Court may treat these documents as part of the Complaint and may assume that their contents is true for purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Marder v. Lopez*, *supra,* 450 F.3d at 458.

///

### D. APPLICABLE STANDARDS FOR CONSTRUING INSURANCE POLICIES

Insurance contracts are to be interpreted in the same manner as any other contract, giving effect to the mutual intention of the parties. *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal.4th 1, 18 (1995). The parties' intent is inferred solely from the written provisions of the insurance policy if possible. *AIU Ins. Co., supra,* 51 Cal.3d at 822. If the policy language "is clear and explicit, it governs." *Bank of the West v. Superior Court,* 2 Cal.4th 1254, 1264 (1992).

When an issue of coverage exists, the burden is on the insured to prove the claimed loss falls within the scope of coverage provided by the policy's insuring clause. *Aydin Corp. v. First State Ins. Co.*, 18 Cal.4th 1183, 1188 (1998). In the context of a first party "all risk" policy, the burden of proving the insured property suffered direct physical loss is borne by the insured. *MRI Healthcare, supra*, 187 Cal.App.4th at 778. Only if the insured meets its burden of proving the loss falls within the scope of the policy's insuring agreement does the burden then shift to the insurer to prove the claim is specifically excluded. *Garvey v. State Farm Fire & Cas. Co.,* 48 Cal.3d 395, 406 (1989).

A policy provision is ambiguous only when it is capable of two or more constructions, both of which are reasonable. *Ward General Ins. Services v. Employers Fire Ins. Co.*, 114 Cal.App.4th 548, 554 (2003); *rev. den*. 2004 Cal. LEXIS 2859, 2004 Daily Journal DAR 3985 (Cal. Mar. 30, 2004). But the policy language must be interpreted as a whole, and in the circumstances of the case, and cannot be found to be ambiguous in the abstract. *Ibid*. Courts will not strain to create an ambiguity where none exists." *Waller,* 11 Cal.4th at 18–19.

"The fact that a term is not defined in the policies does not make it ambiguous." *Foster-Gardner, Inc. v. National Union Fire Ins. Co.*, 18 Cal.4th 857, 868 (1998). And, once the policy provisions in question have been judicially construed by an appellate court, there is no ambiguity as a matter of law, and the judicial construction is read into the policy. *Lockheed Corp. v. Continental Ins. Co.*, 134 Cal.App.4th 187, 197 (2005). Only if the court finds that policy language has no plain meaning or is ambiguous, will that language then be interpreted in the sense that the insurer reasonably believed the insured understood it at the time the policy was issued (the "objectively reasonable expectations of the insured"). *St. Paul Mercury Ins. Co. v. Frontier Pacific Ins. Co.*, 111 Cal.App.4th 1234, 1244-1245 (2003).

California courts decline to use public policy as an interpretive aid. *Ward General Ins. Services, supra,* 114 Cal.App.4th at 552-553. The principles of policy interpretation set forth above do not include using public policy to redefine the scope of coverage. *Ibid.* citing *AIU Ins. Co., supra,* 51 Cal.3d at 818 ("Although one can readily conceive of [public policy] arguments for and against permitting insurance against the costs of rectifying pollution, at the outset we note that such arguments are not pertinent to either of our inquiries in this case…. The answer [to coverage determinations] is to be found solely in the language of the policies, not in public policy considerations").

E. **LEGAL ARGUMENT**

**The Complaint Fails To Assert The Insured Property Suffered "Direct Physical Loss"**

To fall within the scope of the insuring agreements in BUSINESS AND PERSONAL PROPERTY COVERAGE FORM and the BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM—including the additional coverage for Civil Authority—either Covered Property, property at the premises described in the policy, or property at premises located elsewhere, must sustain "direct physical loss or damage." (Dkt. 1-1, pp. 27. 41-42, and 51.) Because the "direct physical loss of or damage to" requirement is part of the policy's insuring clauses, Plaintiff bears the burden of proof on this issue. *MRI Healthcare, supra*, 187 Cal.App.4th at 778.

The term "direct physical loss of or damage to" is not defined by the Atain policy, but it has been defined by California courts. The term "direct physical loss or damage" requires a physical change in the condition of the property. *Id*. at 779 (holding the threshold for physical loss or damage is met when an item of tangible property has been physically altered by perils). "Physical loss of or damage to" requires a "distinct, demonstrable, physical alteration of the property;" losses that are intangible or incorporeal do not satisfy this requirement. *Ibid*, citing 10A Couch on Insurance, §148.46, pp. 148-80-81 (3d. ed. 2005).

"A direct physical loss 'contemplates an actual change in insured property then in a satisfactory state, occasioned by accident or other fortuitous event directly upon property causing it to become unsatisfactory for future use or requiring repairs to be made to make it so.'" *Ibid*. The words "direct physical" modify both "loss of" and "damage to." *Ward General Ins. Services, supra*,

114 Cal.App.4th at 554.

Analysis of the coverage provided by the insurance policy must begin with an understanding of the claims made by Plaintiff. *Id.*, at 553. Here, Plaintiff seeks to recover its loss of business income sustained as a result of state ordered closures of its restaurant due to COVID-19. But the Stay At Home Orders were not issued because of "direct physical loss of or damage to" property either at the described premises or elsewhere, but rather because the virus is spread by person to person contact when people infected with the virus are in close proximity to each other. (RFJN, **Exh. D**.)

The Complaint fails to allege any facts showing that the Insured Property or property located elsewhere sustained any distinct, demonstrable physical alteration requiring repair or replacement as a result of COVID-19. The Complaint fails to assert any facts showing that that the Stay At Home Orders were issued because of distinct, demonstrable physical alteration to property requiring its repair or replacement. The Complaint does not assert that Plaintiff is seeking its cost to replace or repair the Insured Property. Plaintiff's erroneous legal conclusions are not facts.

The Complaint lacks a cognizable legal theory and lacks sufficient facts to support a cognizable legal theory. Plaintiff's legal conclusions are contradicted by the facts contained in the documents referenced in the Complaint or in matters subject to judicial notice. For these reasons, Plaintiff's Complaint should be dismissed.

**The Virus Exclusion Precludes Coverage For Plaintiff's Loss, As A Matter Of Law**

Even if the Court determines COVID-19 caused "direct physical loss of or damage to" the Insured Property or property located elsewhere, the Virus Exclusion in the Atain policy removes all coverage for Plaintiff's loss. The exclusion, added to the policy be Endorsement, states: "This insurance does not apply to any claim, … loss or damage(s) resulting from … virus(es), whether alive or not." The exclusion also precludes coverage for costs or expenses incurred by the insured to abate, mitigate, contain, or detoxify viruses or any substance produced by or arising out of the virus. (Dkt. 1-1, p. 25.)

No California court has construed the Virus Exclusion in the Atain policy. But, under California law, an insurer is free to limit the risk it chooses to accept. To do so the insurer must

phrase exceptions and exclusions to coverage in clear and unmistakable language. *MacKinnon v. Truck Ins. Exchange,* 31 Cal.4th 635, 648 (2003). Insurers may rely on endorsements to modify printed terms of a form policy. *Haynes v. Farmers Ins. Exchange,* 32 Cal.4th 1198, 1208 (2004). If the terms of an effective endorsement conflict with terms in the main body of such a policy, the endorsement controls. *Ibid*.

Exclusionary clauses are subject to two separate tests. First, the limitation must be "conspicuous" with regard to placement and visibility.'" *Alterra Excess & Surplus Ins. Co. v. Snyder,* 234 Cal.App.4th 1390, 1404 (2015). Second, the "language must be "'plain and clear.'" *Ibid.* Whether an exclusion meets these requirements is a question of law. *Ibid.*

An exclusion is conspicuous when it is placed and printed so as to attract the reader's attention. *Jon Davler, Inc. v. Arch Ins. Co.*, 229 Cal.App.4th 1025, 1040 (2014). Endorsements limiting coverage will be deemed "conspicuous" when they are listed on the policy declarations not just by alphanumeric designation but by description and when the endorsement itself alerts the reader to the fact that the endorsement modifies, limits or otherwise amends the language in the basic coverage form. *Haynes v. Farmers Ins. Exch., supra,* 32 Cal.4th at 1206-1207.

Endorsement B&W 55 (03/05)—**EXCLUSION—FUNGI, SPORES, BACTERIA OR VIRUSES** meets this criteria. The endorsement is listed on the Schedule of Forms And Endorsements included in the policy by number and title. The endorsement's title is in capital letters and bolded. The title of the endorsement clearly states that it is an exclusion. The title of the endorsement states that it is an exclusion for viruses.

The endorsement in capital letters and bolded type face states on its face that it changes the policy and admonishes the insured to read it carefully. The endorsement then states that it modifies the insurance provided by both the BUILDING AND PERSONAL PROPERTY COVERAGE FORM and the CAUSES OF LOSS—SPECIAL FORM, both of which are included in the policy issued to Plaintiff. Accordingly, the Endorsement is conspicuous.

An exclusion is "plain and clear" when it is "stated precisely and understandably, in words that are part of the working vocabulary of the average lay person." *Jon Davler, Inc., supra,* 229 Cal.App.4th at 1040. Precision alone is insufficient; understandability is also required. *Ibid*. The

average layperson must understand that the exclusion applies to a category of claims, and must know what the risk is that is being excluded. *Ibid*.

The Virus Exclusion in the Atain policy precisely, plainly and clearly states that the insurance afforded under the policy does not apply to any claim, loss or damage resulting from or caused by, any viruses. The average lay person reading this endorsement would understand that the exclusion applies to a category of claims—loss or damage caused by viruses—and that the risk of loss or damage resulting from or caused by viruses is not covered.

In its Complaint, Plaintiff alleges that the exclusion for viruses does not apply to this pandemic and that the policy does not identify any exclusions for a pandemic. (Dkt.1, Complaint, ¶16.) Plaintiff's legal conclusion is contrary to California law. An insured may not avoid an exclusion by affixing an additional label or separate characterization to the event causing the loss. *Chadwick, supra,* 17 Cal.App.4th at 1117.

In *Chadwick*, the insureds attempted to avoid the defective workmanship exclusion in the all-risk homeowner's policy issued to it Fire Insurance Exchange by claiming the work was negligent. *Id*. at 1118. The Court rejected this argument, holding "whether characterized as negligent, intentional, or innocently inadvertent, the peril itself—the defective framing—is one and the same." *Ibid*. The Court held:

> If every possible characterization of an action or event were counted an additional peril, the exclusions in all-risk insurance contracts would be largely meaningless. An earthquake, it could be said, was merely the immediate cause of loss and was itself the result of "changing tectonic forces," a nonexcluded peril. Wear and tear on floorboards would be covered as the result of nonexcluded "friction." An exclusion for freezing plumbing could be avoided by the simple observation the pipes would not have frozen absent "very low temperature," a nonexcluded and, hence, covered peril.

*Ibid*. The Virus Exclusion in the Atain policy eliminates coverage for claims, loss or damage resulting from or caused by virus. COVID-19 is a virus. The exclusion applies. No separate "pandemic" exclusion is required.

The Complaint alleges that Plaintiff sustained loss of business income due to COVID-19—a virus. The Virus Exclusion conspicuously, precisely, plainly and clearly excludes coverage for loss or damage resulting from or caused by viruses. Because there is no coverage for Plaintiff's claim

1  under the Atain policy, the Complaint lacks a cognizable legal theory of recovery against Atain.
2  Nor can Plaintiff amend the allegations in the Complaint to bring its losses within coverage.
3  Plaintiff's Complaint should be dismissed, with prejudice, without leave to amend.

### F.  CONCLUSION

Plaintiff's business losses were the result of Stay At Home Orders issued by the State of California to prevent the person-to-person spread of COVID-19. Plaintiff has failed to assert any facts showing that its business income losses were the result of "direct physical loss of or damage to" the Insured Property, property at the premises insured by Atain, or property located elsewhere. Plaintiff cannot meet its burden of demonstrating the loss for which it seeks coverage falls within the scope of the insuring agreements in the BUSINESS AND PERSONAL PROPERTY COVERAGE FORM and the BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM—including the additional coverage for Civil Authority included within the BUSINESS INCOME (AND EXTRA EXPENSE) COVERAGE FORM.

Even if this Court were to find that COVID-19 caused "direct physical loss of or damage to" the Insured Property, property at the premises insured by Atain, or property located elsewhere, because COVID-19 is a virus, the Virus Exclusion in the policy eliminates all coverage for Plaintiff's claim, as a matter of law.

Plaintiff's Complaint lacks a cognizable legal theory and lacks sufficient facts to support a cognizable legal theory. Plaintiff's legal conclusions are contradicted by the facts contained in the documents referenced in the Complaint or in matters subject to judicial notice. Nor can Plaintiff amend the allegations in the Complaint to bring its losses within coverage. Plaintiff's Complaint should be dismissed, with prejudice, without leave to amend.

Dated:  August 4, 2020                          MOKRI VANIS & JONES, LLP

/s/ *GailAnn Y. Stargardter*
GailAnn Y. Stargardter
Attorneys for Defendant ATAIN SPECIALTY INSURANCE COMPANY

4834-6495-7382, v. 1